PINCUS WILSKER and DAVID SMOLLER, Copartners Doing Business under the Firm Name and Style of WILSKER & SMOLLER, Appellants, *v.* PAUL GERLI & CO., INC., Respondent.

First Department, May 3, 1918.

Sale — action for breach of contract to deliver goods according to sample — evidence — price received by defendant on sale of goods to other persons — proof of market value — trial — erroneous reception of evidence on one of several issues.

In an action to recover damages for the failure of the defendant to deliver goods equal to a sample exhibited to the plaintiff at the time of contract of sale, the defendant, in order to show that the goods were equal to the sample, is not entitled to give evidence that after their return by the plaintiff the defendant sold them to other persons at the same price that the plaintiff had agreed to pay, if the plaintiff has given evidence

First Department, May, 1918.    [Vol. 182.

that the market price of goods of that character rose after the breach by the defendant.

In any event, such evidence respecting a private sale was not competent evidence of market value.

Where a competent witness gives his opinion as to the market value of property not capable of being shown by public sales, private sales may be shown on cross-examination to test the value of his opinion, but not as affirmative evidence in favor of the party calling him.

Where the court submits several issues to the jury who made no special findings thereon, an error in the reception of evidence on any of the issues requires a reversal.

APPEAL by the plaintiffs, Pincus Wilsker and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of February, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of February, 1917, denying plaintiffs' motion for a new trial made upon the minutes.

*I. Maurice Wormser* of counsel [*I. Gainsburg*, attorney], for the appellants.

*Norman P. S. Schloss*, for the respondent.

LAUGHLIN, J.:

The defendant is a corporation engaged in manufacturing silk goods, and plaintiffs were dealers in silk goods. Early in the month of July, 1915, the defendant was manufacturing three qualities of crepe meteor, of each of which it had samples, and it invited plaintiffs to inspect them. One of the plaintiffs accompanied by another dealer called at defendant's office and inspected the three samples and manifested an interest in one, known as No. 445, and negotiated the purchase of 300 pieces represented to contain from sixty-five to seventy yards each. Thereafter and on the ninth of the same month, the defendant wrote the plaintiffs confirming the contract as follows:

"*July* 9th /15.

" Messrs. WILSKER & SMOLLER,
        " 86 Hester St.,
                " N. Y. City:

" GENTLEMEN.— We beg to confirm your order placed through Messrs. Woodhouse & Stoll for 300 pieces of METEOR

in quality 445, as per piece shown to you at this office 61251, at 95c. CASH less 8% discount, payment in 2 days from delivery.

" Deliveries:

about 15 pcs. a week beginning from Aug. 15th to Dec. 31st /15.

" Please take note that this contract is subject to FORCE MAJEURE, such as strikes, fire and other unavoidable causes.

" Yours very truly,
"PAUL GERLI & CO., INC.
" PG /C.　　　　　　　　　　　PAUL GERLI."

It is conceded that this letter embodied the terms of the contract, with the exception of the number of yards in each piece. The defendant first tendered a delivery of seven pieces on August twelfth, which plaintiffs rejected on August sixteenth on the ground that they were not in compliance with the contract, and defendant, without protest and conceding that the goods had been sent by mistake, sent for and accepted a return thereof on August seventeenth, and did not tender redelivery thereof to plaintiffs but promised to deliver other goods in accordance with the contract. On the twenty-first of August defendant delivered six other pieces of goods to plaintiffs. The plaintiffs rejected these also on the same ground, and on the thirtieth of August defendant sent for and accepted a return of the six pieces, and the next day wrote plaintiffs that said six pieces were of the kind and quality purchased. Thereafter there were negotiations between the parties, concerning which the testimony is conflicting. On the part of the plaintiffs testimony was given tending to show that defendant admitted that the six pieces were not according to said sample and that defendant promised to deliver goods in accordance with the contract; and on the part of defendant testimony was given tending to show that the goods were according to the sample and that the contract was canceled by mutual consent.

There was no further delivery or tender of delivery of goods by defendant under the contract. This action was brought to recover the difference between the contract and market price of the goods as the damages sustained by plaintiffs from defendant's breach of the contract.

There was a sharp conflict in the evidence with respect

to the quality of the goods purchased by plaintiffs according to the sample known as No. 445, and with respect to whether the goods so delivered and rejected, and particularly the six pieces, were of the quality shown by the sample, and also with respect to the market price of such goods during the period during which delivery was to be made. The plaintiffs presented testimony tending to show that the market price ranged considerably higher throughout the period, and defendant presented testimony tending to show that during August the market price was lower, and that from August until after the middle of December it remained about the same as when the contract was made and from that time on was higher.

The court properly instructed the jury that plaintiffs were not entitled to recover if the goods delivered conformed to the contract or if the contract was canceled by mutual consent; and that if they found both of these issues in favor of the plaintiffs, then the recovery would be for the difference, if any, between the contract and market price. There was no special finding, and, therefore, it cannot be determined from the record on which of the three issues of fact the verdict was predicated. If, therefore, the court erred in the reception of evidence on any of the issues, and the error was prejudicial to plaintiffs and they have preserved their rights by objection and exception duly taken, they are entitled to a reversal.

The defendant was properly permitted to show the quality of the goods delivered and returned, by any one who saw them and was competent to testify with respect thereto; and to that end it was properly permitted to show that the goods had been sold and to whom, and it was proper to call the purchasers or their representatives to testify concerning the quality of the goods shown to have been in the same condition as when rejected by plaintiffs. Counsel for defendant, however, was not content with that, but insisted on showing, over plaintiffs' objection duly taken that the evidence was incompetent, irrelevant and immaterial, and was permitted, under exception duly taken, to show what defendant sold the goods for and that the price they received was the market price and was the same as plaintiffs had agreed to pay. Counsel for defendant insists in his points that this evidence was most convincing that the goods delivered to plaintiffs and rejected by them

complied with the requirements of the contract. Doubtless it was so regarded by the jury if the verdict was rendered on that issue. It needs no further argument to show that this evidence was most damaging to the plaintiffs; and that it was incompetent requires the citation of no authorities, for it had no legitimate probative value on any of the issues, as it is evident that if the market price went up, as claimed by plaintiffs on evidence sufficiently supporting their contention, the defendant might have been able to sell these goods at the contract price even though they did not conform to the contract. Moreover, this evidence with respect to private sales was not competent evidence of market value. When a competent witness gives his opinion as to the market value of property not capable of being shown by public sales, private sales may be shown on cross-examination to test the value of his opinion, but not as affirmative evidence in favor of the party calling him.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellants to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellants to abide event.