JOANNES BROTHERS COMPANY, Respondent, v. ARTHUR H. LAM-
BORN and Others, Appellants.

First Department, May 24, 1929.

*Louis O. Van Doren* of counsel [*Alfred C. B. McNevin* and *Edward S. Bentley* with him on the brief; *Van Doren, Conklin & McNevin*, attorneys], for the appellants.

*George T. Hogg* of counsel [*John F. Martin* with him on the brief], for the respondent.

PER CURIAM. The plaintiff under the allegations of its complaint was clearly entitled to prove and recover damages for loss of profits and freight. The amount of these items, totaling $5,100.10, is, therefore, restored to the verdict.

The trial justice properly excluded defendants' evidence offered to show the resale price of the disputed sugar on May 5, 1922. Such evidence had no probative force on the issue of the market value on the date of the breach. (*Wilsker* v. *Gerli & Co.*, 182 App. Div. 787, 790.) While we, therefore, think that no substantial or prejudicial error was committed by the trial justice we are of opinion that the verdict as to amount of damages was excessive and against the weight of the evidence in that respect. In these circumstances we may reduce by an appropriate amount. (*Bishop* v. *New York Times Co.*, 233 N. Y. 446, 451.)

Plaintiff's evidence showed a market value for refined white granulated sugar at the time and place of the breach of approximately twenty-one dollars a bag per 100 pounds. The defendants' evidence showed that there was a difference only of approximately two dollars a bag between this and Cuban raw sugar and the great weight of the evidence established that the disputed sugar had as good if not a better inherent value than Cuban raw sugar. Even the minimum market value of the latter at the time and place of delivery was according to the testimony of one of plaintiff's own witnesses not lower than seventeen dollars and sixty-five cents a bag. If we assume that the value of fine granulated sugar was as high as twenty-two dollars and fifty cents a bag as quoted in the weekly statistical sugar trade journal on July 29, 1920, a difference of only four dollars and eighty-five cents a bag between the sugar contracted for and Cuban raw sugar is disclosed.

While the plaintiff's witnesses placed the market value of the disputed sugar at the time and place of the breach as low as five dollars a bag, and thus claimed a difference in value of some sixteen dollars a bag, we think that when all the evidence is considered, the defendants' evidence on market value was entitled to greater consideration than that of the plaintiff and the jury's award of $56,703.45 as damages for difference in market value between the sugar contracted for and the disputed sugar was excessive and against the weight of the evidence.

The difference in value per bag between the disputed sugar and that contracted for should not have exceeded $4.85 or the sum of $24,250 for the 5,000 bags. With the items of profit and freight added this makes a total of $29,350.10. The verdict, therefore, should be reduced to this sum with interest on the items of profit and freight from August 14, 1920, and on the balance from July 27, 1920, and unless the plaintiff will stipulate to reduce the verdict to such sum, the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event. Upon the plaintiff so stipulating, the judgment as so modified and the order appealed from should be affirmed, without costs.

FINCH, MERRELL, O'MALLEY and PROSKAUER, JJ., concur; MARTIN, J., dissents and votes for reversal and a new trial.

Judgment and order reversed and new trial ordered, with costs to the appellants to abide the event, unless plaintiff stipulates to reduce the judgment as entered in accordance with opinion; in which event the judgment as so modified and the order appealed from are affirmed, without costs. Settle order on notice.